OPINION — AG — ** HOSPITAL BOARD — EXECUTIVE SESSION ** A COUNTY HOSPITAL BOARD OF CONTROL CANNOT GO INTO EXECUTIVE SESSION TO DISCUSS THE RETENTION, DISCIPLINE, OR GRANTING OF PRIVILEGES TO A DOCTOR ON THE MEDICAL STAFF OF A COUNTY HOSPITAL, AND A SCHOOL BOARD CANNOT GO INTO EXECUTIVE SESSION TO DISCUSS THE SELECTION OF AN ARCHITECT OR THE RETENTION OF A LAWYER (ATTORNEY) CITE: 25 O.S. 1971 201 [25-201], 19 O.S. 1971 792 [19-792] (MICHAEL CAUTHRON)
HOSPITAL BOARD — EXECUTIVE SESSION A county hospital board of control cannot go into executive session to discuss the retention, discipline, or granting of privileges to a doctor on the medical staff of a county hospital, and a school board cannot go into executive session to discuss the selection of an architect or the retention of a lawyer. The Attorney General is in receipt of your opinion request wherein you ask the following questions: "Can a hospital board go into executive session to discuss the retention or discipline or granting of privileges to a doctor?" "Can a school board go into executive session to discuss the selection of an architect or retaining a lawyer?" Title 25 O.S. 201 [25-201] (1971) provides: "All meetings of the governing bodies of all municipalities located within the State of Oklahoma, boards and county commissioners of the counties in the State of Oklahoma, boards of public and higher education in the State of Oklahoma and all other boards, bureaus, commissions, agencies, trusteeships or authorities in the State of Oklahoma supported in whole or in part by public funds or entrusted with the expending of public funds, or administering public properties, must be public meetings, and in all such meetings the vote of each member must be publicly cast and recorded. "Executive sessions will be permitted only for the purpose of discussing the employment, hiring, appointment, promotion, demotion, disciplining or resignation of any public officer or employee; provided, however, that any vote or action thereon must be taken in public meeting with the vote of each member publicly cast and recorded. "Any action taken in violation of the above provisions shall be invalid. "Any member of the legislature appointed as a member of a committee of either branch of the Legislature or joint committee thereof or a committee of the State Legislative Council shall be permitted to attend any executive session of any state agency, board or commission authorized by this Act whenever the jurisdiction of such committee includes the actions of the public body involved." Your first question involves a determination of whether a doctor is a "public officer or employee" within the meaning of Section 201, supra. You point out in your opinion request that a doctor is not technically an employee of the hospital and that he receives no income directly from the hospital. Generally speaking, a "public officer" is an individual vested with some portion of the sovereign functions of the government. rn the case of Guthrie Daily Leader v. Cameron, 3 Okl. 677, 41 P. 635
(1895), the Oklahoma Supreme Court defined "public office'' as follows: "A public office is the right, authority and duty created and conferred by law, by which, for a given period, either fixed by law or enduring at the pleasure of the creating power, an individual is invested with some portion of the sovereign functions of the government, to be exercised for the benefit of the public; that some portion of the sovereignty of the country, either legislative, executive or judicial, attaches for the time being, to be exercised for the public benefit." The relationship of a doctor in private practice to the county hospital board is succinctly stated in 19 O.S. 792 [19-792] (1971), which provides: "If a county hospital is operated by a board of control, it shall be the duty of said board of control to appoint annually at the first meeting in January none other than good, competent, trained, and skilled physicians and surgeons to the medical staff of the hospital, after acceptance by the executive committee of the medical staff. Admission of patients to the hospital shall be only upon recommendation of a member of the medical staff. The medical staff shall organize and adopt rules, regulations, or bylaws for their practice in such county hospital, however, rules, regulations, or bylaws shall not become effective until approved by the board of control and when so approved they shall be signed by each member of the medical staff." Although a doctor in private practice may be subject to board action, he is not an "employee" of the hospital or its board of control. It appears that the character of the relationship of a doctor in private practice to a hospital board of control is that of an "independent contractor" and not that of an "employee". The Oklahoma Supreme Court has distinguished as between the terms "independent contractor" and "employee" in several cases. In the case of Perma-Stone Oklahoma City Company v. Oklahoma Employment Security Commission, 278 P.2d 543 (1954), the Court in construing the Employment Security Act said in its Syllabus 3: "One who engages to perform a certain service for another, according to his own manner and method, free from control and direction of his employer in all matters connected with the performance of service, except as to the result or product of the work is an independent contractor and not an employee under the provisions of 40 O.S. 229 [40-229](f)(5) (1951)." In the case of Realty Mortgage and Sales Company v. Oklahoma Employment Security Commission, et al., Okl.,169 P.2d 761 (1945), the Court construed the Unemployment Compensation Act and said at page 764 of the opinion: "Analysis of the statute convinces us that the intent of the Legislature, in enacting the law, was to protect from the evils of unemployment those persons occupying the status of employees, as that term is commonly understood, that is, 'persons who work for them for wages or salary.' " In light of the definitions above set out, it is clear that a doctor in private practice is not an "employee". It is also clear from a reading of the Cameron case, supra, that a doctor in private practice does not exercise any portion of the sovereign function and is, therefore, not a "public officer." Under the foregoing authorities, your first question must be answered in the negative. The board of control of a county hospital cannot meet in executive session to discuss the retention or discipline or granting of privileges to a doctor on the medical staff of the hospital. Any meeting concerning those matters must be a public meeting under the provisions of Section 201, supra. The same reasoning must be applied to your second question, and, thus, it must also be answered in the negative. Neither an architect nor a lawyer is a "public officer" within the meaning of the above-cited authorities. Architects and lawyers retained by a school board are, in essence, independent contractors and not "public officers or employees". Therefore, a discussion by a school board of the hiring of an architect or a lawyer must be in an open meeting under the provisions of Section 25 O.S. 201 [25-201], supra. It is, therefore, the opinion of the Attorney General that a county hospital board of control cannot go into executive session to discuss the retention, discipline, or granting of privileges to a doctor on the medical staff of a county hospital, and a school board cannot go into executive session to discuss the selection of an architect or the retention of a lawyer. (Michael Cauthron)